UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM MARION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> NEW FLYER OF AMERICA, INC., et al., <br><br> Defendants. | CASE NO. C17-5949 BHS <br><br> ORDER DENYING DEFENDANT'S MOTION FOR SEVERANCE AND SEPARATE TRIALS |

This matter comes before the Court on Defendant New Flyer of America, Inc.'s ("New Flyer") motion for severance and separate trials. Dkt. 14. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On November 29, 2016, Plaintiffs William Marion ("Marion") and Raymond Moore ("Moore") (collectively "Plaintiffs") filed their complaint against King County Department of Transportation, Metro Transit Division, New Flyer, and twenty "John Doe" defendants. On October 20, 2017, the Pierce County Superior Court granted

ORDER - 1

summary judgment in favor of Defendants King County Department of Transportation and Metro Transit Division, leaving New Flyer as the sole remaining defendant. *See* Dkt. 1-2.

On October 30, 2017, New Flyer moved to sever the action and conduct separate trials on the respective claims of Marion and Moore. Dkt. 6-2 at 119–25. On November 15, 2017, Plaintiff responded to the motion. *Id.* at 170–76. On November 15, 2017, New Flyer withdrew its motion to sever the trial before Pierce County. *See* Dkt. 16 at 2. Then, on November 16, 2017, New Flyer removed the action to this Court based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, 1466. Dkt. 1.

On December 19, 2017, New Flyer filed a renewed motion to sever the action and conduct separate trials on Plaintiffs' respective claims. Dkt. 14. On January 3, 2017, Plaintiffs responded in opposition.[1] Dkt. 16. On January 5, 2017, New Flyer replied. Dkt. 17.

## II. FACTUAL BACKGROUND

Plaintiffs are both journey-level bus mechanics for the King County Department of Transportation. On May 9, 2016, Marion was allegedly electrocuted while servicing Bus No. 4369. Dkt. 1-1 at 5; Dkt. 15 at 8.[2] On August 30, 2016, Moore was allegedly

---

[1] Plaintiffs are advised that responses to motions under LCR 7(d)(3) are due the Monday before the noting date, as opposed to responses to motions filed under LCR 7(d)(2) which are due the Wednesday before the noting date. W.D. Wash. Local Rule LCR 7(d)(3).

[2] The Court suggests to Defendant and Plaintiffs that future filings, including exhibits filed on the record for the first time, can employ the page numbering requirements set forth in the local rules, which require an abbreviated title and page number be affixed to the bottom of the page in all filings. W.D. Wash. Local Rules LCR 10(e)(3). This numbering can then be used to more efficiently provide accurate citations pursuant to LCR 10(e)(10). *See* W.D. Wash. Local

electrocuted while servicing Bus No. 4302. Dkt. 1-1 at 5.[3] Plaintiffs assert claims against New Flyer for product liability and intentional infliction of emotional distress. *Id.* at 7. From the parties' arguments on the motion, it is suggested that Plaintiffs' claims are predicated on a theory that they were electrocuted as a proximate result of a defective "hot coach detector" on the buses manufactured by New Flyer.[4]

## III. DISCUSSION

New Flyer moves to sever Plaintiffs' claims and conduct separate trials. Dkt. 14. New Flyer first argues that its motion should be granted on the basis that Plaintiffs' claims do not satisfy the requirements of Federal Rule of Civil Procedure 20. *Id.* at 5–7. Under that rule:

> Persons may join in one action as plaintiffs if:
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will arise in the action.

---

Rule LCR 10(e)(10). Also, while not required or suggested by any rule, it is the Court's preference that citations not be placed in footnotes.

[3] The Court is uncertain from what evidence New Flyer has determined that Moore was servicing Bus No. 4302. While New Flyer has cited a deposition of Moore, this bus number does not appear in the cited portion of the deposition. *See* Dkt. 14 at 3 n.11 (citing Dkt. 15 at 31). Nor does the bus number seem to appear in the incident report form. *See* Dkt. 15 at 41. Nonetheless, this fact is not disputed by Plaintiffs.

[4] The Court notes that no allegations of a defective "hot coach detector" are made in Plaintiffs' complaint, expressly or otherwise. This Court was not afforded the opportunity to address whether Plaintiffs' complaint adequately pled viable product liability claims under the consumer expectation test or some other theory without specifying some defect other than the mere allegation that Plaintiffs were electrocuted while performing maintenance. Regardless, it appears that at this stage of the proceedings, after discovery has already been carried out in state court, any arguments on the merits of Plaintiffs' claims are likely best reserved for summary judgment proceedings.

Fed. R. Civ. P. Rule 20. New Flyer argues that Plaintiffs cannot satisfy Rule 20 on the basis that Plaintiffs' claims do not arise out of the same transaction. Notably, there is no clearly articulated dispute over whether a common question of fact exists as to whether the buses both suffered from a defective "hot coach detector" or some other common defect.

The Ninth Circuit has not provided a bright-line definition for "transaction," "occurrence," or "series." Other district courts in our Circuit have noted that, "[a]lthough there might be different occurrences, where the claims involve enough related operative facts, joinder in a single case may be appropriate." *Nguyen v. CTS Elecs. Mfg. Sols. Inc.*, 301 F.R.D. 337, 341 (N.D. Cal. 2014). Quoting an old Supreme Court decision interpreting the meaning of the word "transaction," the Eighth Circuit has adopted a test that looks for the existence of a "logical relationship" between the plaintiff's claims. *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (quoting *Moore v. New York Cotton Exch.*, 270 U.S. 593, 610 (1926)) ("'Transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship.").

In this case, it is alleged that both Plaintiffs were similarly electrocuted while performing maintenance on the same product within a narrow time period of several months. Under these allegations, there is a strong logical correlation between the Plaintiffs' claims on the basis that Plaintiffs were electrocuted as a result of the same manufacturing, warning, or other defect. Accordingly, for the purposes of this stage of

the proceedings, the Court finds that Plaintiffs' complaint sufficiently establishes a "series of occurrences" for the purposes of a Rule 20 permissive joinder of plaintiffs.

New Flyer also argues against joinder on the basis that it would lead to jury confusion and prejudice. Regarding jury confusion, New Flyer argues that Plaintiffs each suffered distinct and different injuries and are responsible in different ways for their own harm. *See* Fkt. 14 at 7–8. However, the Court fails to see how any potential problems with assigning evidence regarding specific injuries or comparative fault to a certain plaintiff cannot easily be avoided with competent trial management. New Flyer also argues that, if Plaintiffs present their claims regarding electrocution together, a jury could potentially infer without any other evidence that the buses were the cause of the alleged injuries due to some unknown and unidentified systemic issue. The shortcoming of this argument is that New Flyer has failed to articulate how such an inference based on the circumstantial evidence of the occurrences' similarities would be improper. Moreover, if such an inference was improper, the Court fails to see how it could not be avoided with a simple instruction to the jury.

New Flyer also raises numerous arguments regarding the inadequacy or lack of evidence to support Plaintiffs' cursory allegations of an unspecified product defect. *See* Dkt. 14 at 6; Dkt. 17 at 4–5. These arguments relating to the merits of Plaintiffs' claims raise issues that should be addressed through an appropriate dispositive motion, but they have little bearing on the issue of joinder.

## IV. ORDER

Therefore, it is hereby **ORDERED** that New Flyer's motion for severance and separate trials (Dkt. 14) is **DENIED**.

Dated this 7th day of February, 2018.

BENJAMIN H. SETTLE
United States District Judge